IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
(MOBILE)

| | |
|---|---|
| JIMMY STANTON (AIS# 157689),<br><br>Plaintiff ,<br><br>vs.<br><br>JEFFERSON DUNN, et al.,<br><br>Defendants . | CIVIL ACTION NO.<br>1:17-cv-00102-WS-N |

## ANSWER OF ASHLEY WALL, LPN

COMES NOW the Defendant, Ashley Wall, LPN, and in response to the Plaintiff's Complaint states as follows:

## FACTUAL ALLEGATIONS

1.  The Defendant admits that the Plaintiff has been seen and medically treated at the Holman Correctional Facility located in Atmore, Alabama.

2.  The Defendant denies that the Plaintiff has ever been denied or delayed necessary medical care or nursing care while at the Holman Correctional Facility.

3.  The Defendant denies Plaintiff's allegations that the Plaintiff did not receive necessary medical or nursing care.

4. The Defendant denies that Plaintiff has been denied necessary medical or nursing care and/or treatment or that any medical treatment has ever been delayed in any manner.

5. The Defendant denies that Plaintiff has been treated with deliberate indifference.

6. The Defendant is aware that Plaintiff has made complaints and allegations regarding medical and nursing care while incarcerated at the Holman Correctional Facility and denies these allegations.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant pleads not guilty.

### THIRD AFFIRMATIVE DEFENSE

This Defendant pleads the general issue.

{B2475045}

## FOURTH AFFIRMATIVE DEFENSE

This Defendant denies each and every material allegation contained in Plaintiff's Complaint, and demands strict proof thereof.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads the Applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads the Doctrine of Contributory Negligence.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant denies a Constitutional violation resulting from any denial of medical care and/or access to medical care.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant specifically denies any wrongful conduct which was willful, malicious, in bad faith, and/or beyond its authority.

## NINTH AFFIRMATIVE DEFENSE

This Defendant pleads the defense that at all times in treating the Plaintiff, this Defendant exercised the same degree of care, skill, and diligence as other medical staff would have exercised under similar circumstances, and that at no time did this Defendant act towards the Plaintiff with deliberate indifference to a serious medical need.

## TENTH AFFIRMATIVE DEFENSE

This Defendant specifically denies that it is guilty of any medical negligence, wantonness, or breach of the applicable standard of care at the times and places set forth in plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

As affirmative defenses to this claim, this Defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant alleges that the Plaintiff bears the burden in this case of proof beyond a reasonable doubt before any award of punitive damages can be made.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages is unconstitutional under Article 1, Section 6 of the Constitution of Alabama – which provides that no person shall be deprived of life, liberty, or property except by due process of law – in that:

(1)   The punitive damages claimed are vague and not rationally related to any legitimate government interest; and,

(2)   the punitive damages claimed are penal in nature yet require a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in a criminal case.

## FOURTEENTH DEFENSE

Plaintiff's claims to punitive damages, the provisions of Alabama law governing the right to recover punitive damages and the determination of the amount of punitive damages, and the procedures pursuant to which punitive

{B2475045}

damages are awarded violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

    a.    They violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by permitting the imposition of punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

    b.    They fail to provide a reasonable limit on the amount of a punitive award against a defendant, thereby violating this Defendant's rights to due process as guaranteed by the United States Constitution.

    c.    They fail to provide specific standards for the award of punitive damages, thereby violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

    d.    They result in the imposition of different penalties for the same or similar acts, thereby violating the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

    e.    They violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to the extent an award of punitive damages under Alabama law

{B2475045}

is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and provides no protection against awards of punitive damages for the same course of conduct.

      f.    They permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of this Defendant's due process rights.

      g.    They violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit, or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

      h.    They are unconstitutionally vague, indefinite, and uncertain, and they deprive this Defendant of due process of law.

      i.    They cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by these Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

j.    They violate this Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution to the extent they subject the Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through non-apportionment of damages among joint tortfeasors.

k.    They expose the defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.    They violate the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution by permitting the imposition of punitive damages against this Defendant, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

m.    They permit a deprivation of property without due process of law.

n.    They are not rationally related to legitimate government interests.

o.    They subject this Defendant to punishment under a law not fully established before the alleged offense.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims to punitive damages, the provisions of Alabama law governing the right to recover punitive damages and the determination of the

{B2475045}

amount of punitive damages, and the procedures pursuant to which punitive damages are awarded violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

    a.    They violate Article I, sections 1 and 6 of the Alabama Constitution by permitting the imposition of punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

    b.    They fail to provide a reasonable limit on the amount of a punitive award against this Defendant, thereby violating this Defendant's due process rights guaranteed by the Alabama Constitution.

    c.    They are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

    d.    They fail to provide specific standards for the amount of an award of punitive damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

    e.    They permit a deprivation of property without due process of law.

    f.    They cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to

{B2475045}

liability determined without clearly defined principles, standards, and limits on the amount of such awards.

g. They permit the imposition of different or disparate penalties for the same or similar conduct, thereby denies this defendant its rights of equal protection and due process.

h. They allow excessive fines to be imposed in violation of Article I, Section 15 and Article I, Section 1 of the Alabama Constitution and in violation of this Defendant's due process rights.

i. They subject this Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, Section 7 of the Alabama Constitution.

j. They permit the imposition of punitive damages against this Defendant, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

k. They violate this Defendant's due process rights and Article I, Sections 1, 6, 13, and 22 of the Alabama Constitution to the extent they subject this Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors.

l. They expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on this Defendant's exercise of its right to a judicial resolution of this dispute.

m. They are not rationally related to legitimate government interests.

n. They violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution and allow an award improper under the common law and/or public policies of Alabama to the extent an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and provides no protection against awards of punitive damages for the same course of conduct.

o. They violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion," without adequate or specific standards as to the amount necessary to punish and deter, and without a necessary relationship to the amount of actual harm caused.

{B2475045}

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that this Defendant will more fully comply with this state's laws in the future.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages for wrongful death which may be awarded herein are limited by Ala. Code § 6-5-547 to $1,000,000.00 plus the statutory adjustments.  The Alabama Supreme Court acted beyond the scope of its authority in striking down this legislative mandate in Smith v. Schulte, 671 So. 2d 1334 (Ala. 1995), and, therefore, this action was unconstitutional and without effect.  See Ex parte Apicella, 809 So. 2d 865, 873-74 (Ala. 2001).

This Defendant denies that Plaintiff is entitled to any relief against it; however, this Defendant nevertheless avers that Plaintiff's claim for damages for wrongful death should be limited in accordance with the provisions contained in Ala. Code § 6-5-547. This statute provides that, in a wrongful death action brought pursuant to the Alabama Medical Liability Act, an award of damages shall not exceed $1,000,000.00.

In Smith v. Schulte, 671 So. 2d 1334 (Ala. 1995), the Alabama Supreme Court declared Section 6-5-547 unconstitutional. In that case, the Alabama Supreme Court relied on its prior holding in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), which declared an earlier version of Ala. Code § 6-11-21 unconstitutional. That earlier version of the statute provided a general cap on punitive damage awards of $250,000.00. However, in a number of Supreme Court decisions subsequent to Henderson, several justices indicated a willingness to revisit the constitutionality of Section 6-11-21 and the prior ruling in Henderson. See Oliver v. Towns, 738 So. 2d 798, 805 n. 7 (Ala. 1999); Goodyear Tire and Rubber Co. v. Vinson, 749 So. 2d 393 (Ala. 1999)(Hooper, J., concurring specially). This Defendant by reference, incorporates herein the discussions regarding the statutory limitation on punitive damages contained in the above-cited decisions in reference to the constitutionality of Section 6-5-547. Additionally, the

Supreme Court has since abrogated its holdings in <u>Henderson</u> and <u>Schulte</u>.  See <u>Ex parte Apicella</u>, 809 So. 2d 865 (Ala. 2001).

Recently, in <u>Mobile Infirmary Ass'n v. Tyler</u>, 981 So. 2d 1077 (Ala. 2007), the Supreme Court declined to consider the constitutionality of Section 6-5-547, but in doing so, discussed its refusal in <u>Mobile Infirmary Med. Ctr. v. Hodgen</u>, 884 So. 2d 801, 804 (Ala. 2003), to revive the damages limitations imposed by the companion statute codified at Section 6-5-544.  The Court discussed its holding in <u>Hodgen</u> that the new cap on punitive damages set forth in Section 6-11-21, as amended in 1999, applies to "actions alleging physical injury caused by medical malpractice", and supersedes Section 6-5-544 because it acts as "a complete replacement of the old statutory restrictions on punitive damages," and incorrectly indicated *in dicta* that Section 6-11-21, also supersedes Section 6-5-547.  <u>Tyler</u>, 981 So. 2d at 1105-06 n. 27 (<u>quoting</u> <u>Hodgen</u>, 884 So. 2d at 814).  However, Section 6-11-21 by its express terms "shall not apply to actions for wrongful death" and, therefore, cannot supersede Section 6-5-547, which applies to actions "commenced pursuant to § 6-5-391 or § 6-5-410," otherwise known as the Alabama Wrongful Death Act.  Ala. Code § 6-11-21(j).  Thus, Section 6-5-547 is not unconstitutional and should be enforced and applied in this case.

{B2475045}

## NINETEENTH AFFIRMATIVE DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. <u>Phillip Morris v. Williams</u>, 549 U.S. ---, 2007 WL 505781 at *7 (Feb. 20, 2007). at *7. Stated differently, the Due Process Clause requires that this Court "provide assurance that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." <u>Phillip Morris v. Williams</u>, 549 U.S. ---, 2007 WL 505781 at *6 (Feb. 20, 2007).

## TWENTIETH AFFIRMATIVE DEFENSE

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendant which would be applicable to the claims against this Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Defendant reserves the right to raise different, additional defenses as discovery proceeds.

{B2475045}

      /s/ *Philip G. Piggott*  
      Philip G. Piggott (ASB-4379-P67P)  
      E-mail: pgp@starneslaw.com  
      STARNES DAVIS FLORIE LLP  
      100 Brookwood Place, 7th Floor  
      P. O. Box 598512  
      Birmingham, AL   35259-8512  
      Telephone: 205-868-6000  
      Facsimile: 205-868-6099  

      Attorney for Defendant Ashley Wall

## **CERTIFICATE OF SERVICE**

I hereby certify that on **May 5, 2017,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following:

and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Jimmy Stanton (AIS: 157689)  
Holman Correctional Facility  
Holman 3700  
Atmore, AL 36503-3700

      s/Philip G. Piggott  
      PHILIP G. PIGGOTT