IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

---

JIMMY STANTON
AIS #157689
   PLAINTIFF

V                           CASE NO:1:17-cv-102-WS-N

JEFFERSON DUNN,et..al
   DEFENDANTS

## PLAINRIFF'S OBJECTION TO THE DEFENDANT'S MOTION FOR SUMMARY DISMISSAL

Comes now Jimmy Stanton pro se (hereinafter) Stanton) in the aboce styled cause and submits his Objection to the Defendant's Motion For Summary Dismissal and argues and asserts in the following that the Motion For Summary Dismissal is due ot be denied and hearing set before this Hoonrable Court due to the Material Facts which are in dispute, whereas:

1. In this Court's ORDER CONVERTING ANSWERS AND SPECIAL REPORTS TO MOTION FOR SUMMARY JUDGMENT AND TAKING THE MOTIONS OF SUMMARY JUDGMENT UNDER SUBMISSION, this Court cited Fed.R.Civ.P. 56(b),(c),(f) as applicable to the defendant's Affidavits which states in pertinent part regarding such affidavits or declarations..."(2) They must set forth <u>facts</u> that would be <u>admissible in evidence</u>..."

Stanton argues that the defendant's Affidavits as to what they assert as to what transpired and Stanton's involvement, are contradictory and are in conflict with the the Defendant's Duty

Officer Report (Defendant's <u>EXHIBIT A)</u> and the Incident Report HCF-16-01228, shown in the following:

Exhibit C - Affidavit of Sgt. Jesse Wilson wherein he states that "Stanton was not a sustpect-was not implicated...";

Exhibit D - Affidavit Sgt. Charles Arthur wherein he stated "Stanton...refused orders...not a suspect-was not implicated...":

Exhibit E - Affidavit C.O. Jermaine Bullard wherein he stated "Stanton refused orders...not a suspect - was not implicated...":

Exhibit F - Affidavit Lieutenant Danny Fountain who stated "Stanton ... refused orders...nit a suspect ... never implicated..."

Exhibit G - Affidavit C.O. Nathan McQuirter wherein he stated "Stanton refused orders...not a suspect...never implicated..."

The remaining affidavits essentially state that either no force was used or stated a minimal amount of force was used in order to get inmates to comply. However, Exhibit L by C.O. David Dennis who states he did not use force, was the Correctional Officer who struck Stanton in the face with his fist. And Correctional Lieutenant Dominic Whitley states in his Affidavit the following:

> "On November 9, 2016, I Correctional Lieutenant Dominic Whitley entered Dormitory B ordering inmates to lay face down on their bed. An <u>unknown inmate</u> stood up and I placed him on his bed by grasping his shoulders and placing him back down on his bed. I then ordered the inmate to place his hands behind his back. I placed flexcuffs on the unknown inmate."

Exhibit A.

Stanton asserts that Lt. Whitley was present when he was struck in the face by C.O. Dennis's fist. Stanton also asserts that Lt. Whitley then went and grabbed Stanton by his arm to lift him up and turn him over and place flexcuffs on him. When Lt. Whitley did this Stanton yelled out in pain because he had just recently had surgery and this "grabbing and pulling" caused him to experience a sharp and sudden increase in pain.

2

The Affidvits submitted by the defendant's are insufficient, to absolve the defendant's of their responsibility, and do not meet the level of specificity to support their motion to dismiss. In the approximately 28 Affidavits submitted by the defenants, the Correctional Officers cannot and do not name one inmate. All inmates regardless of the level of contact cited in these individual affidavits are cited as "unknown or unidentified", thus there is no reliability as to the "truth of the matter".

Additionally there is a clear conflict between the facts, alleged, in the DUTY OFFICER REPORT of 11/9/2016 of 6:35 A.M. and the INCIDENT REPORT HCF-16-01228 of 12/12/2016.

The DUTY OFFICER REPORT does not mention Stanton in any manner. Stanton is not listed as a SUSPECT nor is he listed in the names cited in the NARRATIVE as one of the inmates who refused to obey orders that the report states "The CERT Teams used force on the above mentioned inmates to get themm to comply with the orders given." This Report is the initial report of the incident which traspired at Holman Prison on November 9, 2016.

The INCIDENT REPORT which was prepared at a later date, does cite Stanton as one of the SUSPECTS and in the incident. The DUTY OFFICER REPORT only cited nineteen (19) suspects,and the INCIDENT REPORT whic was prepared after the incident was resolved along with further investigations by A.D.O.C. officials, cites thirty three (33) inmates as SUSPECTS.

The INCIDENT REPORT clearly disputes the assertions in the affidavits that Stanton was not a suspect.

Additionally wherein Stanton is not listed as one of the inmates whom the CERT team did use force on in the DUTY OFFICER REPORT. In the INCIDENT REPORT Stanton is listed as one of the inmates whom the CERT Team did use force on. And he is cited as refusing to obey orders.

This INCIDENT REPORT does in fact establishes the appropriate showing that Stanton was in fact a suspect and that the CERT Team did in fact use force against Stanton. The defendant's own documentation disputes and establishes a material fact in dispute. The defendant's simply cannot have it both ways, stating on one hand that Stanton was not a suspect and was not subjected to the use of force, then submit their own documentation which states Stanton was a suspect and force was used against Stanton by the CERT Team. The Affidavits submitted by the Defendants do not address the issue raised by Stanton. That he was subjected to physical force by the Defendants. And that he did request and state that he needed to go to the Health Care Unit at Holman for a body chart, and the pain he was experiencing from the physical force that was used against him. And that he was denied access to the medical care he sought by the defendants.

This Court should note that at the time of this incident Stanton was in a wheelchair due to numerous health problems and his inability to walk. That shortly prior to the incident of November 9, 2016, he had surgery, and was still experiencing pain from that surgery. The Affidavits of several of the defendants state that Stanton was in a wheelchair, and observed in the wheelchair prior to the CERT Team entering the Dorm.

The fact that Stanton was not taken to the Health Care Unit and was denied medical care is shown by the records of the Defendants whereas there is no record, in the extensive medical records of Stanton submitted by the Defendants, of Stanton being seen along with a minimum of twenty-seven (27) other inmates involved in the incident. Defendants Exhibit A.

Stanton asserts that the defendants have not, and cannot meet the burden from summary judgment for they have not shown that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit Stanton to carry his burden. See Beck v Texas State Bd. of Dental Examiners 204 F.3d 629,633(5th.Cir.2000) citing Celotex v Carett 477 U.S. 317, 91 L.Ed.2d 265 (1986) "If the moving party carries its summary judgment burden, the non-moving party (Stanton) must present specific evidence of a

genuine issue of fact. <u>Anderson v Liberty Lobbby Inc</u> 477 U.S. 242, 91 L.Ed.2d 202 (1986).

The defendant's have not shown the absence of a genuine issue concering any material fact, there is not, in the record and exhibits of the Defendants, an absence of evidence to support their Motion For Summary Judgment. Rather the "evidence" submitted by the Defendants show and establish that there are material issues of facts in dispute. Stanton also asserts that as the plaintiff he is not required to depose his own witnesses.

Stanton submits to this Court that the following inmates were present in his Dorm when this incident occurred, and that they were assigned to the beds in the immediate vicinity of Stanton's. These inmates would be Michael Brown AIS #294692; Brandon Washington AIS #283165; Marco Jackson AIS #202136; Shelby Williams AIS #148873 and Silvester Roberson AIS #287469. Stanton due to his having been transferred from Holman Correctional Facility to the Limestone Correctional Facility has no means to discover where these same witnesses are assigned in the Department of Corrections. However the defendant's do have that ability,knowledge. Therefore Stanton asserts to this Court, that if this Court is to set a date for a hearing/trial for the submission of testimony and evidence in this instant case. That he will seek to have subpoenas seved upon these witnesses to present to this Court.

Stanton asserts that their testimony would further corroborate his claims as to the facts of what did exactly transpire during the incident at Holman.

5

## CONCLUSION

The Elevnth Circuit has held in <u>Alba v Moutford</u> 517 F.3d 1249 (11th.Cir.2008) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceted as true, to state a claim to relief that is "plausible" on its face." In <u>Ashcroft v Iqbal</u> 556 U.S. 662, 173 L.Ed.2d 868 (2009) the United States Supreme Court held "A claim has factual plausibility when the plaintif pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Staton's complaint is that he was denied access to nedical care when he was subjected to the actions of the defendant's in this instant case. That as a consequence of such conduct by the defendants he was subjected to cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution. The right of a citizen to be free from cruel and unusual punishment is a civil right of Stanton. In this instant case the 'evidence" submitted by the defendant's, which contradicts there assertions submitted via Affidavits, creates an issue of material facts in dispute which support Stanton's claims.

The collective and corroborative actions of the defendant's violated Stanton's civil rights, the collective and/or corroborative acts meet the standards of Title 42 Civil Rights §1985 Conspiracy to interfere with civil rights §1985 (3) Depriving Person of Rights or Privileges. Which holds

> If two or more persons in any State of Territory conspire...for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws; of if two or more persons conspire to prevent by force, intimidation, or threat, any citizen...or to injure any citizen in person or property...in ant case of conspiracy set forth in this section, if one or more persons engaged therein did, or cause to be done,any act in the furtherance of the object of such conspiracy, whereby another is injured in

6

his person, property, or deprived of having and excercising an right or privilege of a citizen of the United States, the pary so injured or deprived may have an action for recovery of damages."

In 28 USC §1343 - Judiciary and Judicial Procedure (3) it holds "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights..."

The defendant's by their conduct of abusing the position given him by the State, acted under the color of State law, for they were performing in their official capacity. See <u>Luger v Edmondson Oil Co.</u> 73 L.Ed.2d 482 and <u>Polk County v Dodson</u> 70 L.Ed.2d 509. That whereas the actions of the defedant's were such that any reasonable person would have known that grabbing a physically disabled person such as Stanton who is confined to a wheelchair, assaulting for only uttering a refusal to comply, by striking him in the face with the closed fist. Then physically picking him up, flipping him over and placing flex cuffs on him. When by his being wheelchair bound and simply did not pose a threat to any party present. Was no reasonable conduct on the part of the defendants. Therefore any assertion of "qualified immunity" holds no valkue due to their actions violating the right against cruel and unusual punishment.

The contradictions by the defendants in their affidavits and the evidence in the form of the DUTY OFFICER REPORT and the INCIDENT REPORT, clearly establish material facts in dispute and these can only be resolved by a hearig being scheduled and held by this Court for the taking of testimony and submission of evidence to this court at such a hearing.

7

The defendant's have failed to meet their burden to be entitled to a summary judgment in their favor. And Stanton has well met his burden of disputing the claims presented by the defendants and has shown that he is entitled to a hearing for resolution before this Court.

## RELIEF REQUESTED

Stanton seeks that this Court will set a date for a hearing to be held to resolve the material issues of fact in dispute. That this Court will grant any and all other relief to which Stanton is due ansd entitled to.

Respectfully submitted this the 8th day of January 2020.

Respectfully submitted

*Jimmy Stanton*

Jimmy Stanton AIS #157689
Limestone C.F.
28779 Nick Davis Road
Harvest, Al. 35749

## CERTIFICATE OF SERVICE

I Jimmy Stanton hereby certify that I have served a copy of the foregoing upon all parties involved by placing a copy of the same in the Institutional Legal Mail System Limestone Correctional Facility postage prepaid properly addressed this the 8th day of January 2020 prior to the close of the normal business day.

*Jimmy Stanton*

Clerk of the Court - United States District Court - 113 Saint Joseph St. - Mobile Al. 36602 and Attorney General - State of Alabama - 501 Washington Ave.- Montgomery Al. 36130

## AFFIRMATION UNDER PENALTY OF PERJURY

I Jimmy Stanton hereby attest and affirm under penalty of perjury that the information in the foregoing is true and correct to the best of my knowledge and belief on this the 8th day of January 2020.

_____
Jimmy Stanton

Jimmy Stanton #157689
28779 Nick Davis Road
Harvest, Al. 35749

 

LEGAL MAIL

Clerk of the Court
United States District Court
Southern District
113 St. Joseph St.
Mobile Al. 36602

This Correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communications

36602-362413